JOHN S. MARTIN v. JAMES M. PLATT AND GEORGE H. MARTIN.

*Ejectment—Judgment against two defendants—Action to recover homestead—Proof of value.*

1. A judgment in ejectment against *two* defendants, *one* of whom is not shown to be an *occupant* of the premises, or in any way connected therewith by *claim of title* or *otherwise,* cannot be sustained in the appellate court.

2. Where premises are claimed as a *homestead,* and an action of ejectment brought for their recovery *as such,* proof of their *value* is essential to a valid judgment for the plaintiff.

Error to Berrien.   (Smith, J.)   Argued October 26, 1886. Decided February 3, 1887.

Ejectment.   Defendants bring error.   Reversed, and judgment entered for defendant Martin.   The facts are stated in the opinion.

*Clapp & Bridgman,* for appellants.

*James Brown* (*D. E. Hinman* and *J. A. Kellogg,* of counsel), for plaintiff.

MORSE, J.  This is an action of ejectment.

The circuit judge found the facts substantially as follows:

February 3, 1873, the plaintiff executed a mortgage to defendant Platt for $340 upon lots Nos. 138, 139, and 140, in the village of Berrien Springs.  He was then living on lot No. 139, occupying it with his family, consisting of several children, as a homestead.  Plaintiff was married in 1849. His wife was living at the date of the mortgage, but did not sign it.  She was not at that time divorced, but the plaintiff obtained a divorce from her January 28, 1879.  The mortgage was foreclosed by advertisement January 31, 1876, about three years before the divorce.

At the foreclosure sale, the defendant Platt bid off the premises, and a sheriff's deed of the same was made to him February 17, 1877, and afterwards he ousted the plaintiff from possession.

When the mortgage was executed, plaintiff's wife did not reside with him on the premises, but he and his children occupied lot 139 as a homestead, and had so occupied it for a number of years.  It was his homestead when his wife left him, and continued to be his homestead until he was ousted from possession.

The court also found as a conclusion of law that plaintiff was not entitled to recover lots 138 and 140, but that the mortgage was void as to lot 139, which lot he was entitled to recover.

The main question involved upon the argument was whether the desertion of the husband by the wife operated to bar the constitutional provision which declares a mortgage given upon a homestead without the signature of the wife to be absolutely void.[1]

But there are two fatal objections to the judgment, which render it unnecessary to discuss the homestead question.

---

[1] See *Stanton v. Hitchcock, ante,* 316.

The judgment is entered against both defendants. All the testimony taken is returned in the record. There is no finding by the court, and no evidence to show, that the defendant George H. Martin was an occupant of the premises, or claimed any title thereto in any way. There is absolutely no testimony connecting him with the case. Nor is there any finding, or any evidence, showing the value of lot 139. It also appears that the defendant Platt has died since the commencement of suit.

The judgment must therefore be reversed, and a judgment entered here for the defendant Martin. The record will be remanded for further proceedings in the court below under the statute. Costs of both courts will be recovered against the plaintiff by the defendant Martin.

The other Justices concurred.